# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | Claim No: 1999A15908 |
| vs. | § § | |
| Karen D. Marshall | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 19792 Annchester Road, Detroit, Michigan 48219.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,250.39 |
| B. Current Capitalized Interest Balance and Accrued Interest | $2,068.84 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| | |
|---|---:|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$4,319.23** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 9.130% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

# U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS

Karen D. Marshall
19728 Gable
Detroit, MI 48234
SSN:

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 09/24/98.

On or about 07/01/89, the borrower executed promissory note(s) to secure loan(s) of $3,917.00 from Republic Savings & Loan Association at 9.13 percent interest per annum. This loan obligation was guaranteed by Great Lakes Higher Education Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 09/18/90, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4,469.10 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 06/09/96, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $3,090.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 2,250.39 |
| Interest: | $ 293.11 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $ 0.00 |
| Total debt as of 09/24/98: | $ 2,543.50 |

Interest accrues on the principal shown here at the rate of .56 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/29/98      Name: Richard W Lewis
                          Title: Loan Analyst
                          Branch: Litigation Branch

# GREAT LAKES HIGHER EDUCATION CORPORATION
## SUPPLEMENTAL LOANS FOR STUDENTS APPLICATION AND PROMISSORY NOTE

SEP 9 0   JUL 2 0 198_

### SECTION 1—TO BE COMPLETED BY THE BORROWER "IMPORTANT—READ THE INSTRUCTIONS CAREFULLY"

1. Social Security Number: _____
2. Last Name: Marshall   First Name: Karen   Middle Initial: D
3. Birthdate: _____
4. Permanent Home Address: 19736 Gable   City, State, Zip Code: Det, Mich 48238
5. Area Code/Telephone No.: 313/368-1491
6. United States Citizenship Status (Check One): ☒ a. U.S. Citizen/National   ☐ b. Eligible non-citizen   ☐ c. Neither of the above
7. You are a permanent resident of what state? State: MI   Since: 08/60
8. State of Driver's Lic.: MI   Driver's Lic. #: M___   Since: ___   State of Veh. Reg.: ___   Since: ___
9. Loan Period: From 07/89 To 11/89
10. Loan Amount Requested: $3917
11. Major course of study: Private Security
12. If you or the person you are borrowing for is eligible, do you wish a deferment? ☒ Yes ☐ No
13. Have you ever defaulted on a Stafford Loan, PLUS/SLS or Consolidation Loan? ☐ Yes ☒ No
14. Have you received a Stafford Loan, PLUS/SLS or Consolidation Loan for a period of enrollment before July 1, 1988? ☐ Yes ☒ No
15. List below all Stafford Loans, PLUS/SLS and Consolidation Loans...

| Name of Lender | City and State of Lender | Loan Type | Loan Period Beginning Date | Interest Rate | Unpaid Balance |
|---|---|---|---|---|---|
| NONE | | | Mo. ___ Year ___ | ___% | $ ___ |
| | | | Mo. ___ Year ___ | ___% | $ ___ |

16. Wisconsin Residents Only. Marital Status: ☐ married ☐ unmarried or legally separated   If married, spouse's name and address: ___

### 17a. Parent or Guardian
Name: Margaret Marshall   Relationship: mother
Address: 19736 Gable
City/State/Zip: Det, Mich 48234   Since: 3 yrs
Area Code/Telephone No.: ___
Place and City of Employment: Ford Motor Co.

### 17b. Other Relative
Name: John Colye   Relationship: cousin
Address: 15047 Ilene
City/State/Zip: Det Mich 48238   Since: 10 yrs
Area Code/Telephone: ___
Place and City of Employment: Ford Motor Co. Dearborn

### 17c. Other Relative or Friend
Name: Belinda Davis   Relationship: Friend
Address: 1092 Carmel
City/State/Zip: Det Mich 48234   Since: 4 yrs
Area Code/Telephone No.: ___
Place and City of Employment: Oak Park School

### Promissory Note for a SLS Loan
1. Promise To Pay I, called Maker Identified in Section I, item 2 and "Endorser," if any, identified in Section I, Item 18c, promise to pay to the lender identified in Section 3, Item 35, when this note becomes due as set forth in paragraph 6 (on reverse side), the sum of

**Thirty Nine Hundred Seventeen** DOLLARS

18a. Requested Loan Amount - Must be the same as Item 10
($ 3917.00) or such lesser amount as is advanced to me and identified to me in the SLS Disclosure Statement...

18b. Maker's Signature (Borrower): Karen D Marshall (Seal)   Date: 7-1-89
18c. Endorser's Signature: ___ (Seal)   Date: ___
Endorser's Name (Please Print): ___
Endorser's Soc. Sec. No.: ___   Endorser's Address: ___

### SECTION 2—TO BE COMPLETED BY THE SCHOOL

19. Name of School: Lawton School
20. Address: 660 Plaza Dr #2200   City, State, Zip Code: Det, MI 48226
21. Area Code/Telephone No.: 313-961-7936
22. School Code: 012846
23. Enrollment Status: HI
24. Dependency: Indep
25. Loan Period: From 7-10-89 To 11-29-89
26. Grade: 1
27. Anticipated Grad.: 11 / 89
28. Est. Cost of Educ: $7013
29. Est. Fin. Aid: $3096
30. Approved Loan Amount: $3917
31. 1st Disbursement Date: ___
32. 2nd Disbursement Date: ___

33. Signature of School Official: Audrey Gaylor
AUDREY GAYLOR, DIRECTOR OF FINANCIAL AID
Date: 7/18/89

### SECTION 3—TO BE COMPLETED BY THE LENDER

34. Name of Lender: REPUBLIC SAVINGS & LOAN ASSOCIATION
35. Street Address: P.O. BOX 8951   MADISON, WI 53708
LENDER ID: 822135   800/458-5356
36. Lender Code: ___
37. Entity Number: ___
38. Area Code/Telephone No.: ___
39. 1st Disbursement Amount: $ ___
40. 2nd Disbursement Amount: $ ___
41. Total Amount Approved: $ 3917

LENDER COPY A

2. **DEFINITIONS.** All words, phrases, and conditions not defined in this Note shall be construed according to common and approved usage unless a technical meaning is ascribed to them by Title IV, Part B of the Higher Education Act of 1965, as amended (20 U.S.C. 1071, et seq.), hereinafter called the "Act" or 34 CFR Parts 682 and 683 of the United States Code of Federal Regulations (the "Regulations"). The U.S. Secretary of Education shall hereinafter be called the "Secretary". Great Lakes Higher Education Corporation shall hereinafter be called "Great Lakes". The Rules and Regulations of Great Lakes shall hereinafter be called "Great Lakes Rules".

3. **APPLICABLE INTEREST RATE.** Beginning July 1, 1987, the interest rate on SLS Loans is a variable rate. The interest rate will increase or decrease during the life of the loan if the "Interest Rate Index" changes. The "Interest Rate Index" for any 12-month period beginning on July 1 and ending on June 30 is the bond equivalent rate of 52-week Treasury bills auctioned at the final auction held prior to June 1; plus 3.25%, not to exceed 12%. The lender, or other holder of this note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with Great Lakes Rules.

4. **GUARANTEE FEE.** The Maker agrees to pay a loan guarantee fee to Lender not to exceed 3% of the Loan Amount. The amount of this fee will be shown on the SLS Disclosure Statement and it will be deducted from the loan. This fee may be refundable if no amount of this loan has been disbursed to the Maker.

5. **PAYMENT OF NOTE.** By law, the Repayment Period on an SLS Loan begins when the loan is disbursed. The first payment is due within 60 days of disbursement. An SLS borrower may be entitled to deferment of principal (and interest, in some cases) until a later date. See Paragraph 12 ("Deferment") and the provisions relating to payment of interest during a deferment period. With the following exceptions, the Repayment Period shall have a duration of at least 5 years but not more than 10 years after the date of this Note: A) Lender may require a Repayment Period shorter than 5 years if this is necessary to satisfy the minimum payment requirements under Paragraph 6 ("MINIMUM PAYMENT"). B) Any period described in Paragraph 12 ("DEFERMENT") will not be included in calculating the 5- and 10-year periods mentioned above. C) Any period for which Lender has granted forbearance will not be included in calculating the 5- and 10-year periods mentioned above. The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a Payment Schedule and Disclosure Statement, that Lender will provide to Maker before repayment begins. Maker and Endorser jointly and severally agree to sign the Lender-provided Payment Schedule and Disclosure Statement before the first payment is due and to pay the Note in accordance with the statement.

6. **MINIMUM PAYMENT.** The total annual payment by the Maker during any year of the repayment period on all Stafford Loans, PLUS or SLS Loans made under the Act shall not, unless otherwise agreed to by lender and Maker, be less than $600 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding Stafford Loans, PLUS or SLS loans, the total combined annual payment on all such loans by husband and wife shall not be less than $600 or the combined balance of all such loans plus accrued interest, whichever is less. The required annual payment may be more than indicated above depending on the total amount borrowed.

7. **PREPAYMENT WITHOUT PENALTY.** The Maker and any Endorser may prepay the whole or any part of this Note at any time without penalty, and may be entitled to a rebate of any unearned interest that was paid.

8. **LATE PAYMENT PENALTY.** A late payment penalty may be assessed on the unpaid amount of any installment not paid on or before the 10th day after its scheduled or deferred due date. The late charge may not exceed 6% of each installment or $6 for each installment whichever is less. This charge may be added to the Maker's account and deducted from any future payments prior to allocation toward payment of any principal or interest.

9. **COLLECTION CHARGES.** The Maker and any Endorser are liable for all charges and collection costs, including statutorily authorized attorneys fees, that are permitted by the Regulations and are necessary for the collection of the loan.

10. **SECURITY INTEREST.** This Note is unsecured and the lender expressly waives, as security for this Note, any security interest held by the lender.

11. **DISBURSEMENT SCHEDULE.** The Maker and lender agree that the amount paid to the Maker shall be disbursed by check payable to the order of and requiring the endorsement of the Maker according to the schedule listed on the SLS Disclosure Statement.

12. **DEFERMENT.** Payment of principal will be deferred provided Maker complies with the procedural requirements set forth in the Regulations in any of these circumstances including deferment renewals that may be required for SLS borrowers: (A) While Maker is enrolled — (a) Full-time study at a school that is participating in the SLS Program (unless Maker is not a citizen or national of the United States and is studying at a school not located in the United States); (b) Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies). (c) A graduate fellowship program approved by the Secretary; or (d) A rehabilitation training program for disabled individuals approved by the Secretary. (B) For periods not exceeding 3 years for each of the following while Maker is — (a) On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Services; (b) Serving as a Peace Corps Volunteer; (c) Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs, e.g., VISTA); (d) Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501(c)(3) of the Internal Revenue Code of 1954, while performing service which the Secretary has determined is comparable to service in the Peace Corps or ACTION programs; or (e) Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because Maker is providing care required by a dependent who is temporarily totally disabled, as established by affidavit of a qualified physician. (C) For a period not exceeding 2 years while Maker is serving in an internship that the Secretary has determined is necessary for Maker to gain professional recognition required to begin professional practice or service. (D) For a period not exceeding 2 years while maker is serving in an internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital, or a health care facility that offers post-graduate training. (E) For a period not exceeding 2 years while Maker is conscientiously seeking but unable to find full-time employment in the United States. (F) For a period up to 6 months while borrower is pregnant or caring for a newborn or newly adopted child, and is not in attendance at a participating school or gainfully employed, and was enrolled within the past 6 months at a participating institution. For new SLS borrowers receiving loans for a period of enrollment beginning on or after July 1, 1987, payment may also be deferred for: (A) Enrollment at least half-time (as determined by school), and receiving a Stafford or SLS for the period of enrollment; (B) Up to 3 years while serving as an active duty member of the National Oceanic and Atmospheric Administration Corps; (C) Up to 3 years for full-time elementary or secondary school teachers in a teacher shortage area prescribed by the Secretary; and (D) Up to 1 year for mothers of pre-school children entering or re-entering the work force who earn less than $1 above the minimum wage.

To be granted a deferment, Maker must provide the lender with written evidence of eligibility. Maker must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

13. **EVENTS OF DEFAULT.** Lender may declare the entire unpaid amount of this loan (including accrued interest) immediately due and payable upon the occurrence of any of the following events of default: (A) Failure of Maker or Endorser to make a payment on this Note or any other SLS Loans with lender when such payment is due; or (B) giving false or inaccurate information on an application for an SLS Loan. Upon default all of the Maker's rights under this Note shall terminate, including but not limited to eligibility for deferment under Paragraph 12. Payment arrangements which may be allowed by Great Lakes after default shall not reinstate or renew any such terminated rights of the Maker.

14. **CONSEQUENCES OF DEFAULT.** Upon an event of default (par. 13), Maker and Endorser are jointly and severally liable for all charges and collection costs (including statutorily authorized attorneys fees) permitted by the Act, the Regulations, and Great Lakes Rules by for the collection of any amounts due under this Note. If this loan is referred for collection to an agency subject to the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692, et seq.), Maker and Endorser will jointly and severally pay those collection costs which do not exceed 25% of the unpaid principal and accrued interest. In the event Great Lakes obtains a legal judgment on the defaulted loan, Great Lakes reserves the right to collect interest on the judgment at any rate up to the maximum rate of interest that applicable law may allow with respect to interest on judgments. The rate of interest on a judgment may be greater than the rate of interest specified in this Note.

15. **CREDIT BUREAU NOTIFICATION.** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If Maker defaults on this loan, the lender, the holder or guaranty agency will also report the default to one or more credit bureau organizations. This may significantly affect the Maker's ability to obtain other credit.

16. **ADDITIONAL PROVISIONS.** (A) The Maker and any Endorser are jointly and severally liable for all amounts owing under this Note and waive presentment for payment, demand, notice of nonpayment, notice of protest and protest of this Note, and consent to the terms of any payment schedule as well as any and all extensions, consolidations and renewals without notice. (B) The Maker agrees to use the proceeds of the loan which this Note evidences solely to pay the expenses of attending the educational institution listed on the loan application and in which the student or the student for whom the parent is borrowing is enrolled or accepted for enrollment at the date of this Note, and for the loan period indicated on the application. (C) In the event of the Maker's death or total and permanent disability, the unpaid indebtedness hereunder shall be cancelled pursuant to regulations promulgated under the Act. (D) The Maker shall notify the lender promptly, in writing, of any changes from time to time occurring in his or her school enrollment status (such as withdrawal from school or less than half-time attendance, graduation or transfer to other schools) or home address from that stated in the loan. (E) The lender must provide information on the repayment status of this loan to credit bureau organizations upon the Maker's request. If not otherwise prohibited by law or regulation, the lender and/or Great Lakes will disclose information about the status of this loan to any credit bureau. (F) Under the conditions set forth in the Regulations and Great Lakes Rules, this loan may be transferred to a holder other than the original lender. Upon being notified of such transfer, the Maker has the same rights and responsibilities with regard to the subsequent holder that the Maker had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any state and a subsequent holder of the Promissory Note cannot be a holder in due course. (G) Consolidation or refinancing options may be available to the Maker for SLS Loans and other educational loans. For other information the Maker should contact Great Lakes. (H) The Maker understands that he or she must repay this Note though he or she may be under 18 years of age when the Note is signed.

**BORROWER CERTIFICATION.** I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the Maker, certify that the information contained in Section 1 of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the educational institution to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend, or Great Lakes, to release to the lending institution subsequent holder, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, prior loan history, current address). I also authorize the lender subsequent holder, their agents, educational institutions (if I am borrowing on my own behalf) or Great Lakes to make inquiries to or respond to inquiries from prior or subsequent lenders or holders with respect to my loan application and related documents, and to make inquiries of my parents and other third parties to obtain information regarding my location, employment and sources of income. I certify that the proceeds of any loan made as a result of this application will be used for educational purposes for the academic period covered by this application at the educational institution named on this form. I understand that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that if I am borrowing on my own behalf, I am an independent undergraduate student or graduate student eligible for participation in the SLS Program. I also certify that I do not now owe a refund on a PELL Grant, Basic Grant, Supplemental Educational Opportunity Grant, or State Student Incentive Grant that I received to attend any school. I further certify that I am not now in default on any loans received under the Stafford Loan Program (formerly Guaranteed Student Loan Program) the Perkins Loan (formerly National Direct Student Loan), the Federal Insured Student Loan Program, or PLUS, SLS or ALAS Programs at any school. I further certify that I have read and understand the Statement of Borrower Responsibilities attached to the application.

SEP 2 8 1990

"Without recourse, pay to the or
Great Lakes Higher Education."

*Ronald J. Fillon*

Ronald J. Fillon, Vice President